Steve WOLSHIN, Plaintiff,

v.

Jeanette BONILLA, First Hawai'i Title Corporation, United States of America, Defendants.

Civil No. 95–00211 ACK.

United States District Court, D. Hawai'i.

Nov. 15, 1995.

Steve Wolshin, Lahaina, HI, plaintiff pro se and Ramon J. Ferrer, Wailuku, HI, for plaintiff.

Lester G.L. Wong, Honolulu, HI, Michael Chun, United States Attorneys Office, Honolulu, HI, and Thomas J. Sawyer, U.S. Dept.

of Justice, Trial Attorney, Tax Division, Washington, D.C., for defendants.

### *ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT*

KAY, Chief Judge.

### *BACKGROUND*

On October 13, 1995, defendant United States of America filed a motion for summary judgment against plaintiff Steve Wolshin. The government seeks to obtain certain funds currently being held in escrow by defendant First Hawaii Title Corporation.

### *FACTS* [1]

Plaintiff Steve Wolshin did not timely file federal income tax returns for the years 1990 and 1991. As a result, the IRS audited Wolshin for those years and determined that a tax deficiency existed. An assessment against Wolshin for this deficiency was made on February 7, 1994, by a delegate of the Secretary of the Treasury. *See* Motion, Exh. 1 (Certificate of Assessments and Payments). A notice of deficiency for tax years 1990 and 1991 was mailed to Wolshin on July 26, 1993. *See* Wong Decl., Exh. A. Despite notice and demand, Wolshin has failed to fully pay the federal tax assessment.

The government contends that pursuant to 26 U.S.C. § 6321, upon the making of the assessment, tax liens arose in favor of the government against "all property and rights to property, whether real or personal, belonging to [Wolshin]."

On or about May 11, 1994, a Notice of Federal Tax Lien relating to the assessment for tax years 1990 and 1991 was filed against Wolshin at the Bureau of Conveyances for the State of Hawaii, pursuant to 26 U.S.C. § 6323(f).

Wolshin owned property on Maui and was attempting to convey it. Apparently, the federal tax liens were discovered prior to closing, and Wolshin was unwilling to allow the funds to be paid to the United States. On June 23, 1994, Wolshin, First Hawaii Title and the IRS entered into an agreement ("Agreement") to facilitate the sale of the property free and clear of the federal tax liens. The Agreement required the IRS to discharge the real property from the federal tax liens, and a Certificate of Discharge of Property from Federal Tax Lien under Section 6325(b)(3) of the Internal Revenue Code [2] was executed by the IRS. The Agreement also required that certain proceeds of the sale of the real property be held in escrow by First Hawaii Title, and that if an action is filed in the United States District Court for the District of Hawaii, that First Hawaii Title shall "disburse [those] funds pursuant to the court's order."

On March 15, 1995, Wolshin timely filed the present action, claiming entitlement to the substituted sales proceeds ("Funds") being held in escrow by First Hawaii Title and challenging on various grounds the IRS lien and levy. On May 1, 1995, Wolshin filed a Chapter 7 bankruptcy petition, *In re Wolshin,* No. 95–00600 (Bankr.Haw.). On June 30, 1995, the State of Hawaii, joined by the United States, filed a motion to dismiss the petition for filing in bad faith. On July 27, 1995, the bankruptcy court dismissed the petition with prejudice. On May 16, 1995, during the pendency of the bankruptcy, the government lodged an answer to Wolshin's complaint along with its Notice to Court Regarding Plaintiff's Bankruptcy.[3]

Wolshin has submitted to the IRS federal income tax returns for the years 1990 and 1991 reflecting a tax liability lower than that originally determined by the IRS. The IRS, to date, has not agreed with Wolshin's contentions as to his correct federal income tax

---

1. Wolshin's opposition, which was due October 26, 1995, was filed one day late on October 27, 1995 and was not accompanied by a concise statement of material facts. Wolshin's concise statement was not filed until November 7, 1995. Failure to adhere to filing deadlines and requirements is unfair to both other parties and the Court and normally warrants sanctions, although the Court does not impose them here.

2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code.

3. The Court hereby DEEMS the government's answer to have been filed upon the dismissal of the bankruptcy.

liabilities. The government seeks turnover of all of the Funds to the United States.

### SUMMARY JUDGMENT STANDARD

■ Summary judgment shall be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). One of the principal purposes of the summary judgment procedure is to identify and dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The United States Supreme Court has declared that summary judgment must be granted against a party who fails to demonstrate facts to establish an element essential to his case where that party will bear the burden of proof of that essential element at trial. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. "If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact [citations omitted], the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment." *T.W. Elec. Serv. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir.1987).

■ Rather, Rule 56(e) requires that the nonmoving party set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial. *T.W. Elec. Serv.*, 809 F.2d at 630. At least some "significant probative evidence tending to support the complaint" must be produced. *Id.* Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir.1978).

■ The standard for a grant of summary judgment reflects the standard governing the grant of a directed verdict. *See Eisenberg v. Ins. Co. of North America*, 815 F.2d 1285, 1289 (9th Cir.1987) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct.

2505, 2511, 91 L.Ed.2d 202 (1986)). Thus, the question is whether "reasonable minds could differ as to the import of the evidence." *Anderson*, 477 U.S. at 250–51, 106 S.Ct. at 2511.

■ The Ninth Circuit has established that "[n]o longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." *California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.1987). Moreover, the United States Supreme Court has stated that "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Indeed, "if the factual context makes the nonmoving party's claim *implausible*, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *Franciscan Ceramics*, 818 F.2d at 1468 (emphasis in original) (citing *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356). Of course, all evidence and inferences to be drawn therefrom must be construed in the light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F.2d at 630–31.

### DISCUSSION

■ Wolshin makes two substantive arguments in opposition to the government's claim to the Funds: (1) the IRS never sent him a notice of deficiency and (2) the Court lacks jurisdiction because Wolshin cannot bring suit under 26 U.S.C. § 7426.

Wolshin's first contention is factually incorrect. *See* Wong Decl., Exh. A (copy of certified mailing list showing notice of deficiency for years 1990 and 1991 mailed to Wolshin). Wolshin's averment that he "[does] not recall ever receiving" such a notice fails to raise a genuine issue. *See T.W. Elec. Serv. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir.1987) (plaintiff must produce some "significant probative evidence tending to support the complaint").

Wolshin's second contention is meritless. In its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, filed May 17, 1995, the Court construed Wolshin's instant action as a claim to substituted sales proceeds pursuant to 26 U.S.C. § 7426(a)(3). *See id.* at 5. That conclusion stands. Section 7426(a)(3) states:

> If property has been sold pursuant to an agreement described in section 6325(b)(3) (relating to substitution of proceeds of sale), *any person* who claims to be legally entitled to all or any part of the amount held as a fund pursuant to such agreement may bring a civil action against the United States in a district court of the United States. [emphasis added]

The limitation "(other than the person against whom is assessed the tax . . .)" does not, as it does in subsections (a)(1) and (a)(2), appear in subsection (a)(3). Furthermore, "the title of a statute and the heading of a section cannot limit the plain meaning of the text." *Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R. Co.*, 331 U.S. 519, 528–29, 67 S.Ct. 1387, 1392, 91 L.Ed. 1646 (1947). Accordingly, the Court has jurisdiction over Wolshin's action under Section 7426(a)(3).

The Court finds there is no genuine issue that the government is entitled to the Funds. The Court notes that Wolshin may challenge the assessment administratively by fully paying the assessment and filing a claim for refund. If the claim is denied, Wolshin may file a civil action for refund. *See* 26 U.S.C. §§ 6532 (statute of limitations), 7422 (civil actions for refund); 28 U.S.C. § 1346(a)(1) (jurisdiction of district court in civil action for tax refund).

### CONCLUSION

For the foregoing reasons, the Court GRANTS the United States' motion for summary judgment. The Court further ORDERS that all amounts in the escrow account being held by First Hawaii Title be paid over to the United States.

IT IS SO ORDERED.